IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| Faith Johnson, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Cellular South, Inc. d/b/a C Spire,<br><br>Defendant. | CASE NO. 3:22-CV-237-JVB |

### Defendant Cellular South, Inc.'s Motion to Dismiss

**I.  Introduction**

Plaintiff brought a putative class action complaint against her wireless carrier, Cellular South, Inc. d/b/a C Spire ("C Spire"), on July 5, 2022, alleging that C Spire "placed repeated telemarketing text messages to Plaintiff's telephone" in violation of the Telephone Consumer Protection Act, 46 U.S.C. § 227, *et seq.* (the "TCPA"). *See Class Action Complaint*, ECF No. 1, at ¶ 1. Plaintiff alleges that while her telephone number "has been listed on the National Do-Not-Call Registry since August 2008," C Spire continued to send messages to her. (Compl., at ¶ 4). However, Claimant does not allege that *she* was the individual who registered her number on the do-not-call registry, a prerequisite for her claim to succeed. Additionally, C Spire's status as Plaintiff's wireless carrier is fatal to Plaintiff's claims.

**II.  Standard of Review**

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. In other words, the factual allegations must allow for an inference of "more than a sheer possibility that a defendant has acted unlawfully." *We-Flex, LLC v. NBSP, Inc.*, No. H-11-1078, 2012 WL 1440439, at *4 (S.D. Tex. Apr. 25, 2012) (internal citations and quotations omitted).

### III. Argument

    A. *Plaintiff fails to allege that she personally registered her telephone with the do-not-call registry.*

Section 227(c)(5) provides, in relevant part, a private right of action to "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under [Section 227(c)]." Section 227(c) requires rulemaking and regulations based on that rulemaking "concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." Section 64.1200(c) is one such regulation that prohibits all telephone solicitations to ""[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry[.]" Thus, Section 227(c) provides a private right of action based on the circumstances in Section 65.1200(c).

In assessing the meaning of a regulation, a court will "look to see 'whether the language at issue has a plain and unambiguous meaning with regard to the particular

dispute in the case.'" *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340, (1997)). Deference to an agency's interpretation "is warranted only when the language of the regulation is ambiguous." *Christensen v. Harris County*, 529 U.S. 576, 588 (2000)).

Here, there is no ambiguity in Section 64.1200(c). By its plain language, the regulation prohibits only calls to the "subscriber who has registered his or her telephone number on the national do-not-call registry[.]"

Plaintiff's action should be dismissed because the Complaint fails to allege that *she* is the "subscriber who [] registered" the number on the do-not-call registry. *Rombough v. Robert D. Smith Ins. Agency, Inc.*, 22-CV-15-CJW-MAR, 2022 WL 2713278, at *2 (N.D. Iowa June 9, 2022) (dismissing Plaintiff's TCPA claim with prejudice where her complaint failed to identify whether she had been the one to register her number on the do-not-call registry). Instead, Plaintiff's Complaint merely alleges that her number "has been registered" on the do-not-call registry by some unidentified individual or entity. "The regulation's plain language provides no distinction for a telephone number that had previously been registered on the national do-not-call registry by someone else." *Id*. Plaintiff's failure to plead that she was the individual who added the phone number at issue to the do-not-call registry is fatal to her claim and warrants dismissal of her case.

B.     *The Wireless Carrier Exemption Bars Plaintiff's TCPA Claims.*

Even if Plaintiff had alleged that she was the individual who placed the number on the do-not-call registry, her claims would still be subject to dismissal. C Spire's messages

to Plaintiff do not violate the TCPA because C Spire is Plaintiff's wireless carrier and Plaintiff was not charged for the calls.[1]

In enacting the TCPA, congress provided that the FCC may exempt "calls to a telephone number assigned to a cellular telephone service that are not charged to the called party…." 47 U.S.C. § 227(b)(2)(C). The FCC then carved out the wireless carrier exemption, covering calls between cellular carriers and their subscribers so long as the subscriber is not charged. 7 F.C.C. Rcd. 8752, 8775, ¶¶ 43, 45 (1992). The FCC determined:

> Cellular carriers need not obtain additional consent from their cellular subscribers prior to initiating autodialer and artificial prerecorded message calls for which the cellular subscriber is not charged.

*Id*.

Simply put, text messages from cellular carriers to their subscribers for which the subscriber is not charged are not covered by the TCPA and cannot constitute a violation of the TCPA. *See* 7 F.C.C. Rcd. 8752, 8775, at ¶¶ 43, 45 ("…neither TCPA nor the legislative history indicates that Congress intended to impede communications between radio common carriers and their customers regarding the delivery of customer services by barring calls to cellular subscribers for which the subscriber is not [charged]"); *see also*

---

[1] Although Claimant does not explicitly state in her Complaint that C Spire is her wireless carrier, the content of the text messages she included in her Complaint reflect the parties' relationship. *See e.g*., Compl., pp. 5-10 (informing Plaintiff of promotions for device "trade-in(s)," "free activation on any new device," "$10 back on your bill when you add a line," "add[ing] a line on Unlimited with CashBack on your bill," etc.). Additionally, Plaintiff does not assert that she was charged for any of the text messages sent to her by C Spire.

*Warciak v. Subway Restaurants, Inc.*, 949 F.3d 354, 357-58 (7th Cir. 2020) (affirming dismissal of TCPA claims concerning marketing message sent by wireless carrier).

The scope of the exemption is broad, and the FCC has twice clarified that there is no subject-matter limitation on the exemption—the exemption applies to all communications between a wireless carrier and its customers. 77 Fed. Reg. 34233-01 at 34235, ¶ 10 (2012) (reiterating that the wireless carrier exemption applies to telemarketing calls).

C Spire is Plaintiff's wireless carrier, and accordingly, the messages it sent to Plaintiff without charging her for same are not actionable under the TCPA. Therefore, her claims must be dismissed.

## IV.  Conclusion

For the foregoing reasons, C Spire respectfully requests that this Court grant C Spire's motion and dismiss Plaintiff's claims with prejudice.

Respectfully submitted this 17th day of October, 2022.

CELLULAR SOUTH, INC.

s/ Starr Drum
Starr Drum (AL 4015N74T)
Xeris Gregory (TX 24130086)
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North, Suite 1700
Birmingham, AL 35203
Phone: (205) 254-1000
Fax: (205) 254-1999
sdrum@maynardcooper.com
xgregory@maynardcooper.com

M. Patrick McDowell (MS 9746)

BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
P.O. Drawer 119
Jackson, MS 39205
Phone: (601) 948-3101
Fax: (601) 960-6902
pmcdowell@brunini.com

## CERTIFICATE OF CONFERENCE

Pursuant to Galveston District Court Rule of Practice 6, counsel for Defendant conferred with Plaintiff's counsel, Stephen Taylor, via telephone, on September 13, 2022 regarding C Spire's motion to dismiss and the relief sought herein. C Spire sent correspondence to Plaintiff's counsel on September 30, 2022 in conformance with Rule of Practice 6.

/s/ Starr Drum
Starr Drum

## CERTIFICATE OF SERVICE

I certify that on October 17, 2022, I e-filed the foregoing document with the Clerk of the Court using the CM/ECF system, which I understand will send notice of electronic filing to all counsel of record.

s/ Starr Drum<br>
Starr Drum